NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES SNYDER DELLARIPA, *Petitioner*

*v.*

THE HONORABLE STEVEN K. HOLDING, COMMISSIONER
OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE
COUNTY OF MARICOPA, *Respondent Commissioner*

*v.*

JULIE DELLARIPA, *Real Party in Interest*

No. 1 CA-SA 17-0119
FILED 5-16-17

Petition for Special Action from the Superior Court in Maricopa County
No.  FC2010-050562
The Honorable Steven K. Holding, Judge *Pro Tempore*

**JURISDICTION GRANTED, RELIEF DENIED**

COUNSEL

Jennings, Haug & Cunningham, L.L.P., Phoenix
By Blake E. Whiteman and Ryan B. Johnson
*Counsel for Petitioner*

Katz & Bloom, P.L.C., Phoenix
By Norman M. Katz
*Counsel for Real Party in Interest*

_____

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

_____

**B R O W N**, Chief Judge:

¶1        In this special action, James Dellaripa ("Father") argues he was denied procedural due process when the trial court found him in contempt for failing to comply with a parenting time order. Father also argues the court erred in ordering him to pay attorneys' fees. For the following reasons, we accept jurisdiction but deny relief.

**BACKGROUND**

¶2        Father and Julie Dellaripa ("Mother") divorced in 2011, and are the parents of two minor children. The parenting time order provided in relevant part that during the school year, the children would reside primarily with Father, with Mother having parenting time from Thursday after school until Monday morning, every other weekend. The parents were directed to divide their parenting time equally during the summer.

¶3        In August 2016, Mother filed a petition for enforcement of parenting time, alleging that (1) Father had repeatedly violated the court's existing orders by failing to present the children to Mother for her parenting time; (2) Father allowed the older child (age 14) to decide whether she wished to have parenting time with Mother, and Mother had not seen the older child for more than two months; (3) Mother's efforts to resolve the parenting time disputes without court involvement were unsuccessful, as Father did not respond to Mother's request that the parties agree to counseling between Mother and the oldest child; and (4) Father had not filed a petition to modify the parenting time orders. Mother requested, *inter alia*, immediate enforcement and imposition of "any and all available sanctions pursuant . . . to [Arizona Revised Statutes ("A.R.S.") section] 25-414" as well as attorneys' fees and costs pursuant to A.R.S. §§ 25-414 and 25-324.

¶4        In October 2016, Mother filed a petition for contempt for denial of her parenting time, but the petition was merely mailed to counsel for Father and thus not properly served. The trial court denied Mother's

motion to consolidate the two petitions; however, the court noted that it would address both Mother's petition to enforce parenting time and her petition for contempt at a conference and hearing set for November 7. Counsel for Father and Mother then jointly moved to continue the November 7 hearing on the petitions, and the hearing was reset to January 27, 2017.

¶5        At the outset of the January 27 hearing, Mother's counsel alerted the court to an unresolved issue whether proper service of the contempt petition had been accomplished, but Father did not directly address the matter. Instead, the hearing proceeded, and counsel and the court discussed various options to resolve the disputes. Father and Mother affirmatively stated under oath that they agreed with the avowals made by their respective attorneys.

¶6        After taking the matter under advisement, the trial court found Father in contempt for violating the existing parenting plan as to both children, and gave Father until February 8, 2017, to fully comply with the parenting plan. Father moved to set aside the court's ruling, arguing that he could not be held in contempt because he was not properly served with the contempt petition and that he waived service only on the enforcement petition. The court denied the motion, noting that "after review of the file and FTR [recording] in this matter that Father had notice of these proceedings."

¶7        Mother filed an application and affidavit for attorneys' fees and costs pursuant to A.R.S. §§ 25-325 and -414. Father objected, asserting that Mother failed to comply with Arizona Rule of Family Law Procedure ("Rule") 91(S), which requires parties in a post-decree proceeding to file an affidavit of financial information when attorneys' fees are at issue. The trial court granted Mother's request for $4,490 in attorneys' fees and $84 in costs. Father then petitioned for special action relief.

## DISCUSSION

¶8        Special action jurisdiction is appropriate for review of a contempt order, which is not otherwise appealable. *Munari v. Hotham*, 217 Ariz. 599, 601, ¶ 7 (App. 2008). In our discretion, we accept jurisdiction. "We review a trial court's contempt finding and imposition of sanctions for an abuse of discretion." *Henderson v. Henderson*, 241 Ariz. 580, ____, ¶ 16 (App. 2017). We will uphold the court's decision if it is correct for any reason. *Id.* at ____, n. 11, ¶ 23.

## A.     Enforcement of Parenting Time Order

¶9          Father argues the trial court violated his right to procedural due process by failing to assure adequate service of Mother's petition for contempt and failing to issue an order to appear for the same as required by Rule 92(B), (C).  Father contends indirect contempt proceedings must be conducted according to "regularly established rules of procedure," and because the "procedural safeguards were ignored in violation of Father's procedural due process rights," the court's contempt finding should be reversed.

¶10          Under A.R.S. § 25-414,

> A. If the court, based on a verified petition and after it gives reasonable notice to an alleged violating parent and an opportunity for that person to be heard, finds that a parent has refused without good cause to comply with a visitation or parenting time order, *the court shall do at least one* of the following:
>
> 1. *Find the violating parent in contempt of court.*
>
> 2. Order visitation or parenting time to make up for the missed sessions.
>
> 3. Order parent education at the violating parent's expense.
>
> 4. Order family counseling at the violating parent's expense.
>
> 5. Order civil penalties of not to exceed one hundred dollars for each violation . . . .
>
> 6. Order both parents to participate in mediation or some other appropriate form of alternative dispute resolution at the violating parent's expense.
>
> 7. Make any other order that may promote the best interests of the child or children involved.

(Emphasis added.)

¶11          Here, the narrow record before us indicates that the trial court's orders are consistent with these statutory provisions, which govern parenting time violations.  It is undisputed that Father waived service of the petition for enforcement and was given the opportunity to be heard on

the matters raised in the petition by Mother. At the January 27 hearing, counsel agreed to forego the evidentiary hearing and work toward a resolution with the Commissioner serving as both mediator and factfinder. Mother and Father also had an opportunity to testify, but both concurred with the arguments and avowals of counsel. Upon agreement of the parties, the matter was taken under advisement for one week, to allow the parties to work toward a resolution and/or permit Father to file an expedited motion for change in parenting time.

¶12　　　　Because the parties did not resolve the parenting time dispute, the trial court issued its ruling, finding that "Father is in contempt of Court for allowing a 14-year-old to make decisions as it relates to [parenting time with] Mother . . . [and] for allowing the youngest child to only visit . . . with Mother on some of the days ordered by the Court." The court then ordered compliance with the existing orders for parenting time, and noted, "if . . . Father has not complied with the court-ordered [parenting time] Mother may request any and all sanctions the Court is empowered to issue."

¶13　　　　Father does not challenge the trial court's factual findings; rather, he simply contends that the contempt order was erroneous due to improper service of the contempt petition. Because Father received actual notice of the contempt petition and he has not identified any prejudice he suffered from Mother's lack of compliance with Rule 92, we find no abuse of discretion. *See* Rule 86 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").

¶14　　　　As relevant to issuance of a contempt order, Rule 92(B) states, "[n]o civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard," and the civil contempt petition "must be personally served upon the alleged contemnor in the manner required by Rules 40(C), (E) or (F) and 41 (C)(1)." It is undisputed that Mother did not serve the contempt petition as required; however, Rule 40(F), in pertinent part, states:

> A person upon whom service is required may, in person or by attorney or by an authorized agent, enter an appearance in open court, and the appearance shall be noted by the clerk upon the docket and entered in the minutes. Such waiver, acceptance or appearance shall have the same force and effect as if a summons had been issued and served.

*See also Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978) ("It is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process.").

**¶15**        In Arizona, a party "[makes] a general appearance when he has taken any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." *Kline v. Kline*, 221 Ariz. 564, 569, ¶ 18 (App. 2009). Father does not explain why the joint motion to continue and subsequent appearance at the enforcement hearing do not constitute a general appearance sufficient to effectuate proper, timely, and valid service of process for the contempt petition—a matter previously identified for discussion at the pending hearing. Further,

> [I]f service is not achieved according to the requirements of the applicable procedural rule, it is technically defective and the pleading may be ineffective for some purposes. But strict technical compliance with rules governing service may be excused when the court has already acquired jurisdiction over the receiving party and that party receives actual, timely notice of an amended pleading and its contents.

*Kline*, 221 Ariz. at 570, ¶ 21.

**¶16**        Here, Father indisputably received actual, timely notice of the contempt petition containing similar allegations as the enforcement petition, and therefore was not prejudiced by the technical defect in service. *See id.* at 571, ¶¶ 21, 23 (noting procedural rules as to service "intended to serve as a shield for those prejudiced by a lack of notice, not as a sword"). At the hearing, Father did not raise any challenge or concern that the court was considering whether he had violated the parenting time order; nor did he contest any of the allegations made in the petition for enforcement or the avowals made by Mother's counsel. Moreover, in this special action, Father neither asserts that he was prejudiced by the court's order nor does he challenge the court's factual finding that he was in violation of the existing parenting time order. On this record, Father has failed to show the court abused its discretion under A.R.S. § 25–414(A)(1), (C) in finding Father was in contempt for violating the parenting time order.

## B.     Attorneys' Fees

**¶17**        Father also argues the trial court erred in directing him to pay Mother's attorneys' fees and costs even though she failed to submit a financial affidavit as required by Rule 91(S). That rule provides in pertinent

part as follows:  "In any post-decree/post-judgment proceeding in which an award of attorneys' fees, costs, and expenses is an issue, both parties shall file a completed Affidavit of Financial Information."  We review an award of attorneys' fees for an abuse of discretion.  *See In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 335, ¶ 20 (App. 2001).

**¶18**          The trial court acted within its discretion in awarding fees and costs to Mother notwithstanding her failure to file an updated affidavit of financial information.  Rule 91(S) plainly requires "both parties" to file affidavits of financial information and yet nothing in this record indicates Father complied with the rule.  Thus, Father cannot reasonably complain of Mother's failure to submit an affidavit when he failed to do so himself.  In addition, Mother sought attorneys' fees under A.R.S. § 25–414, which mandates that fees be awarded to the nonviolating parent upon a "find[ing] that a parent has refused without good cause to comply with a visitation or parenting time order."  Nothing in § 25–414 requires that a trial court consider the parties' financial resources in evaluating a request for fees made under that statute.  Instead, the only question is whether the violating parent refused to comply with the parenting time order without good cause.  The court's contempt finding necessarily implies that Father refused to comply with the parenting time order without good cause, and Father makes no argument to the contrary.  Thus, Father suffered no prejudice by Mother's failure to submit an affidavit of financial information because nothing in the affidavit would have been relevant to a fee request under § 25–414.

## CONCLUSION

**¶19**          Because we conclude that Father has failed to establish that the trial court committed reversible error when it found he was in contempt for violating the parenting time order, we affirm both the court's finding and the resulting attorneys' fees award.  Given the absence of any current information regarding the parties' financial resources, we deny the parties' requests (made pursuant to A.R.S. § 25–324) for attorneys' fees and costs incurred in this special action.

